UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
DEC 15 2016
[signature] CLERK

| | |
|---|---|
| SIOUX FALLS KENWORTH, INC., d/b/a ISUZU TRUCKS OF SIOUX FALLS,<br><br>Plaintiff,<br><br>vs.<br><br>ISUZU COMMERCIAL TRUCK OF AMERICA, INC.,<br><br>Defendant. | 4:14-CV-04187-RAL<br><br><br>OPINION AND ORDER GRANTING IN PART MOTION TO CONTACT JURORS |

This Court previously entered an Opinion and Order on Motion to Contact Jurors, Doc. 141, and repeats much of that ruling here in granting in part that motion. The jury in this case returned a verdict for Plaintiff Sioux Falls Kenworth, Inc. (Sioux Falls Kenworth) and against Defendant Isuzu Commercial Truck of America, Inc. (Isuzu) on one count of violation of SDCL § 32-6B-45 and awarded damages of $1,600,000.00 on that count. The jury also returned a verdict for Sioux Falls Kenworth and against Isuzu on one count of breach of an implied covenant of good faith and fair dealing and awarded damages of $76,000.00 for certain unpaid warranty work done by Sioux Falls Kenworth on Isuzu trucks. The jury found in favor of Isuzu on one count of breach of contract involving termination of a franchise agreement and on a question of whether Isuzu violated South Dakota law by failing to pay Sioux Falls Kenworth a 58% markup on parts used in warranty repairs. Doc. 135. Isuzu has moved under Local Rule 47.2 for permission to contact the jurors in this case. Doc. 140. In a prior Opinion and Order on

1

that motion, Doc. 141, this Court deferred ruling pending submission of a list of proposed questions. Isuzu then filed such a list of questions. Doc. 143.

Civil Local Rule 47.2, entitled "RESTRICTION ON INTERVIEWING JURORS," states: "No one may contact any juror before or during the juror's service on a case. The parties, their lawyers and anybody acting on their behalf must seek and obtain permission from the district judge who tried the case before contacting a juror after the juror served on the case." D.S.D. Civ. LR 47.2. District courts have wide discretion when deciding whether to allow litigants to contact jurors after trial. United States v. Booker, 334 F.3d 406, 416 (5th Cir. 2003); McCabe v. Macaulay, No. 05-CV-73-LRR, 2008 WL 5070706, at *1 (N.D. Iowa Nov. 25, 2008); 3 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 606.05[1][C] (2d ed. 1997). As a general rule, federal courts disfavor post-trial interviews of jurors. See United States v. Self, 681 F.3d 190, 199 (3d Cir. 2012); United States v. McDougal, 47 F. Supp. 2d 1103, 1104 (E.D. Ark. 1999); Weinstein & Berger, supra, § 606.06[1] ("The federal courts are notoriously reluctant to permit either informal post-verdict interviews with or testimony from discharged jurors."). The reasons for this disfavor include protecting jurors from harassment, preserving jurors' freedom of deliberation, preventing jury tampering, and increasing the certainty of verdicts. Dall v. Coffin, 970 F.2d 964, 972 (1st Cir. 1992); Wilkerson v. Amco Corp., 703 F.2d 184, 85–86 (5th Cir. 1983); Weinstein & Berger, supra, § 606.06[1].

These same reasons form the basis of Federal Rule of Evidence 606(b), which generally precludes the admission of juror testimony to impeach a verdict. Fed. R. Evid. 606(b) advisory committee's note to 1972 proposed rules (explaining that the "values sought to be served" by excluding evidence received for the purpose of invalidating a verdict "include freedom of

2

deliberation, stability and finality of verdicts, and protection of jurors against annoyance and embarrassment"). Rule 606(b) provides:

> **(b) During an Inquiry Into the Validity of a Verdict or Indictment.**
> **(1) Prohibited Testimony or Other Evidence.** During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.
> **(2) Exceptions.** A juror may testify about whether:
> **(A)** extraneous prejudicial information was improperly brought to the jury's attention;
> **(B)** an outside influence was improperly brought to bear on any juror; or
> **(C)** a mistake was made in entering the verdict on the verdict form.

Fed. R. Evid. 606.

Courts typically deny a litigant's request to interview jurors post-verdict absent a threshold showing of an outside intrusion into the jury process. United States v. Wright, 506 F.3d 1293, 1303 (10th Cir. 2007) ("This court has held that a trial judge is well within his discretion in denying leave to inquire of jurors where there was no claim of external interference with the process."); Booker, 334 F.3d at 416 ("A trial court's decision to deny an attorney's request for post-trial interviews is reviewed for abuse of discretion. Only when there is a showing of illegal or prejudicial intrusion into the jury process will the court sanction such an inquiry.") (internal citations omitted); McElroy by McElroy v. Firestone Tire & Rubber Co., 894 F.2d 1504, 1511 (11th Cir. 1990) (holding that denial of post-verdict motion to interview jurors was not an abuse of discretion where moving party did not allege that any prejudicial information or outside influence was brought to bear on the jury); McCabe, 2008 WL 5070706, at *2 (denying motion to interview jurors because moving party did not make a preliminary

showing that members of the jury either learned of any extraneous prejudicial information or that outside influences were brought to bear upon them); Allen v. United States, No. 4:07CV00027 ERW, 2008 WL 80061, at *1 (E.D. Mo. Jan. 4, 2008) (same); Economou v. Little, 850 F. Supp. 849, 852 (N.D. Cal. 1994) ("Most federal courts deny requests to conduct post-verdict interviews of jurors unless there is a proper preliminary showing of likely juror misconduct or witness incompetency."); see also United States v. Eagle, 539 F.2d 1166, 1170 (8th Cir. 1976) (holding that defendant had no right to subpoena jurors after trial when he had not made "specific allegations that any of them engaged in overt improper acts susceptible of proof"). Mere "'fishing expeditions' carried out by losing attorneys interested in casting doubt on the jury's verdict" are not allowed. Journal Pub. Co. v. Mechem, 801 F.2d 1233, 1236 (10th Cir. 1986).

Here, Isuzu has not explained why it seeks to interview the jurors, let alone made any preliminary showing that there was an outside intrusion into the jury process. This Court presumes that Isuzu wants to interview the jurors for educational purposes, but such a request would be within this Court's discretion to deny. See Haeberle v. Texas Int'l Airlines, 739 F.2d 1019 (5th Cir. 1984) ("The first-amendment interests of both the disgruntled litigant and its counsel in order to satisfy their curiosity and improve their advocacy are limited. We agree with the district court's implicit conclusion that those interests are not merely balanced but plainly outweighed by the jurors' interest in privacy and the public's interest in well-administered justice."); McDougal, 47 F. Supp. 2d at 1105 (declining government's motion to interview jurors after mistrial where stated purpose of interview was to determine whether to retry case); Olsson v. A.O. Smith Harvestore Prods., Inc., 696 F. Supp. 411, 412 (S.D. Ind. 1986) ("Absent a showing of evidence of juror impropriety, an attorney is not permitted to invade the province of the jury room for the purpose of improving his skills as a trial lawyer by ascertaining from the

jurors which facets of the trial influenced their verdict."). Nevertheless, this Court expressed a willingness to allow Isuzu some contact with the jury, provided that Isuzu does not intend to engage in an "fishing expedition" designed to gin up some argument for a new trial. Doc. 141 at 4.

Isuzu has now submitted proposed jury interview questions. Some of Isuzu's proposed questions are appropriate while others are not. If Isuzu still wants to interview the jurors, they must adhere to the following script and may only ask the questions listed below:

Hello, _____. My name is _____, and I'm calling about the case Sioux Falls Kenworth, Inc. d/b/a/ Isuzu Trucks of Sioux Falls vs. Isuzu Commercial Truck of America, Inc., in which you served as a juror. We are contacting all of the jurors from the case. This interview is for educational purposes only and is being conducted on behalf of the defendant Isuzu and its attorneys. The Judge has permitted this survey, but wants you to know that participation is voluntary. I would like to interview you over the telephone, at your convenience. Would you be willing to participate? If at any time you want to stop or terminate the interview, just let me know.

1.  What is the one thing that stands out in your mind as the most persuasive argument or piece of evidence presented by the plaintiff Sioux Falls Kenworth in this case?

2.  What is the one thing that stands out in your mind as the most persuasive argument or piece of evidence presented by the defendant Isuzu in this case?

3.  What did you think about Isuzu's overall presentation?

4.  What did you think about Isuzu's lawyers' presentation?

5.  What did you think about the overall presentation of plaintiff Sioux Falls Kenworth?

6.  What did you think about Sioux Falls Kenworth's lawyers' presentation?

7.  What did you think about Isuzu's witnesses in general and in particular?

8.  What did you think about Sioux Falls Kenworth's witnesses in general and in particular?

9.  What did you think about the appearance of Isuzu's witnesses, including expert witnesses (e.g., should the witnesses have worn suits?)?

10. What did you think about Isuzu's attorneys not being from Sioux Falls?

11. What did you think about one of Sioux Falls Kenworth's attorneys not being from Sioux Falls?

12. What did you think about Isuzu's witnesses not being from Sioux Falls?

13. What did you find convincing about Sioux Falls Kenworth's case?

14. What did you find convincing about Isuzu's case?

15. What do you think the lawyers for Isuzu should have done differently?

For good cause, it is hereby

ORDERED that Isuzu may proceed to contact the jurors using the script set forth above. It is further

ORDERED that Isuzu's Motion for Leave to Contact and Interview Jurors, Doc. 140, is granted to that extent.

DATED this 15th day of December, 2016.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE