UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
AUG 28 2017
CLERK

| | |
|---|---|
| SIOUX FALLS KENWORTH, INC., WILLIAM R. RUSH, NORTH AMERICAN TRUCK AND TRAILER, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> ISUZU COMMERCIAL TRUCK OF AMERICA, INC., <br><br> Defendant. | 4:14-CV-04187-RAL <br><br><br> FINAL JUDGMENT |

On August 18, 2017, this Court entered an Opinion and Order on Post-Trial Motions, Doc. 187, that denied Defendant's Motion for Judgment as a Matter of Law, denied Defendant's Motion for New Trial (except to the extent that the Court would conduct a new trial on damages for the statutory wrongful termination claim if Plaintiff refused the remittitur granted by the Court), granted Defendant's Motion for Remittitur on the statutory wrongful termination claim to $957,756.48, granted Plaintiff's Motion for Attorney Fees of $728,584.05 and costs of $73,882.99, upheld the award of $76,000 for underpayment of warranty claims and made clear that prejudgment interest would apply to that award, and gave Plaintiff fourteen days from the filing of the Opinion and Order to advise Defendant and the Court whether it was accepting remittitur of the $1,600,000 verdict on statutory wrongful termination to the $957,756.48 amount. On August 24, 2017, Plaintiff filed a Notice of Plaintiff's Acceptance of Remittitur in Lieu of New Trial. Doc. 188.

1

The prejudgment interest rate applicable to the nonpayment or underpayment for warranty work and parts is 10% per annum under SDCL § 21-1-13.1. See Dziadek v. Charter Oak Ins. Co., 213 F. Supp. 3d 1150, 1179–80 (D.S.D. 2016), aff'd, No. 16-4070/16-4120, 2017 WL 3480493 (8th Cir. Aug. 15, 2017); see also Dziadek, 2017 WL 3480493, at *5 ("The Supreme Court of South Dakota consistently applies § 21-1-13.1 in contract cases."); Alvine v. Mercedes-Benz of N. Am., 620 N.W.2d 608, 614 (S.D. 2001) (explaining that prejudgment interest under SDCL § 21-1-13.1 is mandatory). The underpayment or nonpayment of warranty claims arose out of contract being tried to the jury as breach of the implied covenant of good faith and fair dealing and to the Court on declaratory judgment theories. As explained in the Opinion and Order, issues between Plaintiff and Defendant on Defendant's payments to Plaintiff for labor and parts on warranty repairs dates back at least to September of 2013 and extends through the date of the termination letter on October 17, 2014. Doc. 187 at 4–14. Some amount over $50,000 of the $76,000 jury award would relate to warranty work done prior to October 17, 2014, although part of the award relates to replacement under warranty of an engine on a Fed Ex truck in or around January of 2015, for which Defendant never paid. Doc. 187 at 15–16. Thus, the majority of the unpaid warranty work award should accrue prejudgment interest from various dates prior to October 17, 2014, while a fraction of the unpaid warranty work award should accrue interest from January of 2015. Neither party asked the jury to perform the herculean task of ferreting out from the evidence precisely what was owed on what day, and indeed the nature of the relationship between Plaintiff and Defendant on payment for warranty parts and labor, while contractual in nature, had general boundaries but no specific terms of when Defendant owed payment to Plaintiff, how a dispute over parts markup affects payment for undisputed hours worked, or how a dispute over OLH on a warranty repair affects the timing of payment for

the portion of hours or parts not in dispute. Thus, the claim of breach of good faith and fair dealing became the vehicle to submit the claims regarding warranty payments to the jury. It is fair, really to both sides, to calculate prejudgment interest on the $76,000 award from the date of the termination notice—October 17, 2014. See Pullman v. Land O'Lakes, Inc., 262 F.3d 759, 766–67 (8th Cir. 2001) (applying South Dakota law and holding that SDCL § 21-1-13.1 does not require that special interrogatories regarding prejudgment interest be submitted to the jury in every case); Fritzel v. Roy Johnson Const., 594 N.W.2d 336, 339 (S.D. 1999) (holding that when "no one [knew] for certain" when damage occurred, district court appropriately selected the "only non-speculative date" from which to calculate prejudgment interest).

Therefore it is hereby

ORDERED, ADJUDGED AND DECREED that final judgment under Rules 54 and 58 of the Federal Rules of Civil Procedure hereby enters in favor of Plaintiff and against Defendant for $957,756.48 for damages on the statutory wrongful termination claim, plus $728,584.05 in attorney fees, and $73,882.99 in costs, under SDCL § 32-6B-45 and § 32-6B-85. It is further

ORDERED, ADJUDGED AND DECREED that final judgment under Rules 54 and 58 of the Federal Rules of Civil Procedure hereby enters in favor of Plaintiff and against Defendant on the portion of the breach of implied covenant of good faith and fair dealing claim (and to the extent not otherwise moot, the portion of the declaratory judgment claims) relating to nonpayment and underpayment of warranty repair hours and parts for $76,000 in principal plus interest at 10% per annum from October 17, 2014; thereby making the total judgment amount $1,836,223.52, plus the amount of prejudgment interest on the $76,000. It is finally

ORDERED, ADJUDGED AND DECREED that, on the remaining counts, final judgment enters for Defendant.

3

DATED this 28th day of August, 2017.

BY THE COURT:

/s/ Roberto A. Lange
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE